IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Juliette Duran, <br><br>    Plaintiff, <br>v. <br><br>Global Travel International, Inc.; and DOES 1-10, inclusive, <br><br>    Defendants. | Civil Action No.: _____ <br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Juliette Duran, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act for negligently, knowingly, and/or willfully contacting Plaintiff on her cellular phone via automated calls and text messages 47 U.S.C. § 227, et. seq. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.  The Plaintiff, Juliette Duran ("Plaintiff"), is an adult individual residing in Hoffman Estates, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  The Defendant, Global Travel International, Inc. ("Global"), is a Florida business entity with an address of 1060 Maitland Center Commons, Suite 305, Maitland, Florida 32751, and is a "person" as defined by 47 U.S.C. § 153(39).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

5. The Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(1), defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

6. The TCPA prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

7. A text message is a "call" within the context of the TCPA.[1]

**FACTS**

8. Beginning in May, 2014, Global contacted Plaintiff via automated calls and text messages in an attempt to solicit services to Plaintiff.

9. The calls and text messages were placed to Plaintiff's cellular phone, number 224-xxx-8058.

10. During all times mentioned herein, Global employed an automatic telephone dialing system ("ATDS") and/or used a prerecorded or artificial message to reach Plaintiff on her a cellular telephone.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (2003) ("[U]nder the TCPA, it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, 'to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged.' This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.").

11.     When Plaintiff answered the call from Global, she was met with a pre-recorded message, which provided information about Global's services

12.     At the conclusion of the pre-recorded message the call was transferred to Global's telephone operator.

13.     Beginning on June 20, 2014, Global sent numerous text messages to the Plaintiff. Below are examples of two of the text messages Plaintiff received:



14.     Upon information and belief, each of the aforementioned text messages was sent using an ATDS.

15.     Plaintiff never provided her cellular phone number to Global and never provided Global with express consent to be contacted by Global at her cellular phone.

16.     During numerous conversations with Global, Plaintiff requested that the calls and text messages to her cellular phone cease.

17.     Furthermore, Plaintiff repeatedly attempted to opt out of receiving the text messages by replying with a "STOP" message to Global as directed by Global within the

messages itself.

18. Despite lacking permission to contact Plaintiff, Global placed over one hundred automated calls and six text messages to Plaintiff's cellular phone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be contacted on her cellular telephone.

21. Without prior consent Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22. The TCPA prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. A text message is a "call" within the context of the TCPA.

24. Defendants continued to place automated calls to Plaintiff's cellular telephone after being instructed multiple times to cease and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Defendants' telephone system has the capacity to store numbers in a random and sequential manner.

27.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

32.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls and text messages.

33.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

36. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages in such amount as is found appropriate;

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

4. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 19, 2014

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff